UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

       NO. CIV. S-12-879 LKK/GGH

      Plaintiff,

   v.

YOON YUH, II, et al.,

      Defendants.

_____/

## **STATUS (PRETRIAL SCHEDULING) CONFERENCE**

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on June 11, 2012. Scott N. Johnson appeared as counsel for plaintiff; Michael D. Welch appeared as counsel for defendants. After hearing, the court makes the

1

1 following findings and orders:

2     **SERVICE OF PROCESS**

3     All parties defendant have been served and no further service
4 is permitted except with leave of court, good cause having been
5 shown.

6     **JOINDER OF PARTIES/AMENDMENTS**

7     No further joinder of parties or amendments to pleadings is
8 permitted except with leave of court, good cause having been shown.
9 See <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir.
10 1992).

11     **JURISDICTION/VENUE**

12     Jurisdiction is predicated upon 28 U.S.C. §§ 1341, 1343, and
13 1367, is undisputed and is hereby found to be proper, as is venue.

14     **MOTION HEARING SCHEDULES**

15     All law and motion except as to discovery is left open, save
16 and except that it shall be conducted so as to be completed by
17 October 11, 2013.  The word "completed" in this context means that
18 all law and motion matters must be **heard** by the above date.
19 Because this date is not necessarily a date previously set aside
20 for law and motion hearings, it is incumbent upon counsel to
21 contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,
22 sufficiently in advance so as to ascertain the dates upon which law
23 and motion will be heard and to properly notice its motion for
24 hearing before that date.  Counsel are cautioned to refer to Local
25 Rule 230 regarding the requirements for noticing such motions on
26 the court's regularly scheduled law and motion calendar.

1  **Opposition or statement of non-opposition to all motions shall be**
2  **filed not later than 4:30 p.m. fourteen (14) days preceding the**
3  **hearing date, or by proof of service by mail not less than**
4  **seventeen (17) days preceding the hearing date.**  This paragraph
5  does not preclude motions for continuances, temporary restraining
6  orders or other emergency applications, and is subject to any
7  special scheduling set forth in the "MISCELLANEOUS PROVISIONS"
8  paragraph below.

9       At the time of filing a motion, opposition, or reply, counsel
10 are directed to email a copy in word processing format to  lkk-
11 pleadings@caed.uscourts.gov.

12      The parties should keep in mind that the purpose of law and
13 motion is to narrow and refine the legal issues raised by the case,
14 and to dispose of by pretrial motion those issues that are
15 susceptible to resolution without trial.   To accomplish that
16 purpose, the parties need to identify and fully research the issues
17 presented by the case, and then examine those issues in light of
18 the evidence gleaned through discovery.   If it appears to counsel
19 after examining the legal issues and facts that an issue can be
20 resolved by pretrial motion, counsel are to file the appropriate
21 motion by the law and motion cutoff set forth supra.

22      **Unless prior permission has been granted, memoranda of law in**
23 **support of and in opposition to motions are limited to thirty (30)**
24 **pages, and reply memoranda are limited to fifteen (15) pages.  The**
25 **parties are also cautioned against filing multiple briefs to**
26 **circumvent this rule.**

1    Where the parties bring motions for summary judgment, the

2 court will deem facts which are apparently undisputed as undisputed

3 under Fed. R. Civ. P. 56(d), unless specifically reserved and that

4 party tenders evidence to support the reservation.

5    <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL

6 MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE

7 VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.   COUNSEL ARE CAUTIONED

8 THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT

9 BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND

10 MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,

11 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO

12 TIMELY FILE AN APPROPRIATE MOTION.

13    Counsel are further reminded that motions in limine are

14 procedural devices designed to address the admissibility of

15 evidence.   COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH

16 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS

17 IN LIMINE  AT THE TIME OF TRIAL.

18    **<u>DISCOVERY</u>**

19    No modifications of the discovery requirements found in the

20 Federal Rules is ordered.

21    All discovery is left open, save and except that it shall be

22 so conducted as to be <u>completed</u> by August 11, 2013.  The word

23 "completed" means that all discovery shall have been conducted so

24 that all depositions have been taken and any disputes relative to

25 discovery shall have been resolved by appropriate order if

26 necessary and, where discovery has been ordered, the order has been

4

complied with.   Motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions will be heard not later than July 11, 2013.   In this regard, all counsel are to designate in writing and file with the court and serve upon all other parties a final list of the names of all experts that they propose to tender at trial not later than forty-five (45) days before the close of discovery herein established.   At the time of designation, all experts shall submit a written report.   The contents of the report must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).   All experts so designated are to be fully prepared to render an informed opinion at the time of <u>designation</u> so that they may fully participate in any deposition taken by the opposing party.   Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.

**MID-LITIGATION STATEMENTS**

Not later than fourteen (14) days prior to the close of discovery, all parties shall file with the court and serve on all

1  other parties a brief statement summarizing all law and motion

2  practice heard by the court as of the date of the filing of the

3  statement, whether the court has disposed of the motion at the time

4  the statement is filed and served, and the likelihood that any

5  further motions will be noticed prior to the close of law and

6  motion.  The filing of this statement shall not relieve the parties

7  or counsel of their obligation to timely notice all appropriate

8  motions as set forth above.

9       **FINAL PRETRIAL CONFERENCE**

10     The Final Pretrial Conference is **SET** for January 13, 2014, at

11  2:00 p.m.   Counsel are cautioned that counsel appearing for

12  Pretrial will in fact try the matter.

13     Counsel for all parties are to be fully prepared for trial at

14  the time of the Pretrial Conference, with no matters remaining to

15  be accomplished except production of witnesses for oral testimony.

16  Counsel are referred to Local Rules 280 and 281 relating to the

17  contents of and time for filing Pretrial Statements.  In addition

18  to those subjects listed in Local Rule 281(b), the parties are to

19  provide the court with a plain, concise statement which identifies

20  every non-discovery motion tendered to the court, and its

21  resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL

22  BE GROUNDS FOR SANCTIONS.

23     The parties shall file Separate Pretrial Statements, the

24  contents and timing of which are set forth in Local Rule 281,

25  except that the parties are to prepare a JOINT STATEMENT with

26  respect to the undisputed facts and disputed factual issues of the

1 | case.   <u>See</u> Local Rule 281(b)(3), (4), and (6).   The parties are
2 | reminded to include in their joint statement all disputed and
3 | undisputed special factual information as required by Local Rule
4 | 281(b)(6).

5 |   The undisputed facts and disputed factual issues are to be set
6 | forth in two separate sections.   In each section, the parties
7 | should identify first the general facts relevant to all causes of
8 | action.   After identifying the general facts, the parties should
9 | then identify those facts which are relevant to each separate cause
10 | of action.   In this regard, the parties are to number each
11 | individual fact or factual issue.  Where the parties are unable to
12 | agree as to what factual issues are properly before the court for
13 | trial, they should nevertheless list in the section on "DISPUTED
14 | FACTUAL ISSUES" all issues asserted by any of the parties and
15 | explain by parenthetical the controversy concerning each issue.
16 | Each individual disputed fact or factual issue shall include the
17 | following introductory language:  "Whether or not . . . ."  The
18 | parties should keep in mind that, in general, each fact should
19 | relate or correspond to an element of the relevant cause of action.
20 | Notwithstanding the provisions of Local Rule 281, the Joint
21 | Statement of Undisputed Facts and Disputed Factual Issues is to be
22 | filed with the court concurrently with the filing of plaintiff's
23 | Pretrial Statement.  If the case is tried to a jury, the undisputed
24 | facts will be read to the jury.

25 |   Pursuant to Local Rule 281(b)(10) and (11), the parties are
26 | required to provide in their Pretrial Statements a list of

1   witnesses and exhibits that they propose to proffer at trial, no

2   matter for what purpose.  These lists shall <u>not</u> be contained in the

3   Pretrial Statement itself, but shall be attached as separate

4   documents to be used as addenda to the Final Pretrial Order.

5   Plaintiff's exhibits shall be listed **numerically**; defendant's

6   exhibits shall be listed **alphabetically**.  In the event that the

7   alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,

8   3A-3Z, etc."  The Pretrial Order will contain a stringent standard

9   for the proffering of witnesses and exhibits at trial not listed in

10  the Pretrial Order.  Counsel are cautioned that the standard will

11  be strictly applied.  On the other hand, the listing of exhibits or

12  witnesses which counsel do not intend to call or use will be viewed

13  as an abuse of the court's processes.

14      Pursuant to Local Rule 281(b)(12), a party is required to

15  provide a list of all answers to interrogatories and responses to

16  requests for admission that the party expects to offer at trial.

17  This list should include only those documents or portions thereof

18  which the party expects to offer in its case-in-chief.  Unless

19  otherwise barred by a rule of evidence or order of this court, the

20  parties remain free to tender appropriate discovery documents

21  during trial for such purposes as, but not limited to, impeachment

22  or memory refreshment.

23      Pursuant to Local Rule 281(b)(8), the parties' Pretrial

24  Statements shall contain a "statement of legal theory, etc."  Each

25  party shall commence this section by specifying as to each claim

26  whether federal or state law governs, and if state law, the state

1  whose law is applicable.

2      Counsel are also reminded that, pursuant to Fed. R. Civ. P.
3  16, it will be their duty at the Pretrial Conference to aid the
4  court in (a) formulation and simplification of issues and the
5  elimination of frivolous claims or defenses; (b) settling of facts
6  which should be properly admitted; and (c) the avoidance of
7  unnecessary proof and cumulative evidence.  Counsel must prepare
8  their Pretrial Statements, and participate in good faith at the
9  Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO
10  MAY RESULT IN THE IMPOSITION of SANCTIONS which may include
11  monetary sanctions, orders precluding proof, eliminations of claims
12  or defenses, or such other sanctions as the court deems
13  appropriate.

14      **TRIAL SETTING**

15      Trial is **SET** for April 22, 2014, at 10:30 a.m.  Trial will be
16  by jury.  The parties represent in good faith that the trial will
17  take approximately four (4) days.

18      **SETTLEMENT CONFERENCE**

19      A Settlement Conference will be set before a judge other than
20  the trial judge at the time of the Pretrial Conference.

21      Counsel are cautioned to have a principal capable of
22  disposition present at the Settlement Conference or to be fully
23  authorized to settle the matter on any terms and at the Settlement
24  Conference.

25      **MISCELLANEOUS PROVISIONS**

26      The parties are reminded that pursuant to Fed. R. Civ. P.

1  16(b), the Status (pretrial scheduling) Order **shall not be modified**

2  **except by leave of court upon a showing of good cause.** Counsel are

3  cautioned that changes to any of the scheduled dates will

4  necessarily result in changes to all other dates. Thus, even where

5  good cause has been shown, the court will not grant a request to

6  change the discovery cutoff date without modifying the pretrial and

7  trial dates.

8      **Agreement by the parties pursuant to stipulation does not**

9  **constitute good cause. Nor does the unavailability of witnesses or**

10  **counsel, except in extraordinary circumstances, constitute good**

11  **cause.**

12      The parties are reminded of their continuing obligation to

13  supplement their statements relative to the identification of

14  parent corporations and any publicly held company that owns 10% or

15  more of the party's stock within a reasonable time of any change in

16  the information.

17      The parties are admonished that they are not to cite or refer

18  to any of the quotations inscribed in the pavers on the front plaza

19  of the United States Courthouse in any written or oral presentation

20  to the court or a jury.

21      There appear to be no other matters presently pending before

22  the court that will aid the just and expeditious disposition of

23  this matter.

24      IT IS SO ORDERED.

25      DATED: June 11, 2012.

26

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

10